IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACK D. SAUER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3591 |
| | § | |
| POLLY THOMPSON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jack D. Sauer, a state inmate proceeding *pro se,* files this complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. He requests leave to proceed *in forma pauperis*. (Docket Entry No. 2.) The threshold question is whether plaintiff's claims should be dismissed as frivolous for failure to state a claim. The Court concludes that this lawsuit fails to state a claim, and should be dismissed for the reasons that follow.

**Background**

Plaintiff complains that the defendants, who are his sister, his aunt, their friends, and an attorney, acted criminally and fraudulently in the execution and probation of his father's last will and testament. He avers that they denied him constitutional due process by falsifying documents and notarizations, probating the will without his knowledge, and refusing to send him his share of the estate. Plaintiff seeks monetary compensation and immediate access to his share of the estate.

**Analysis**

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Section 1983 provides a remedy against state actors only. In other words, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982). This means that the party charged with the deprivation must be a person who fairly may be said to be a state actor, that is, one who is in fact a state official,

one who has acted with or has obtained significant aid from state officials, or one whose conduct is otherwise chargeable to the state. *Id*. at 937. Private action may give rise to section 1983 liability only when the challenged conduct is "fairly attributable to the State." *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). Mere private conduct, no matter how wrongful, falls short of the section's reach. *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).

In the instant case, plaintiff alleges that the defendants acted criminally and fraudulently regarding his father's last will and testament, and are refusing to send him his share of the estate. The defendants are not state actors, and no state action is shown. Nor does plaintiff assert a claim of constitutional dimension. His claims will be dismissed.

## State Law Claims

Plaintiff also complains that the defendants violated state law. A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the Court is dismissing plaintiff's federal claims, it declines to exercise supplemental jurisdiction over his state law claims. *See Bass*, 180 F.3d at 246; *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994).

**Conclusion**

This lawsuit is **DISMISSED WITH PREJUDICE**. The motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED AS MOOT**. Any and all other pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on November 16, 2006.

_____
Gray H. Miller
United States District Judge